```
                        UNITED STATES DISTRICT COURT
                        SOUTHERN DISTRICT OF FLORIDA

                        CASE NO. 09-20381-Civ-SEITZ
                        MAGISTRATE JUDGE P.A. WHITE
```

CHARLES E. STALLWORTH,          :

    Petitioner,                 :

v.                              :         REPORT OF
                                          MAGISTRATE JUDGE
WALTER A. McNEIL,               :

    Respondent.                 :

_____

## I. Introduction

Charles E. Stallworth, a state prisoner confined at Okeechobee Correctional Institution at Okeechobee, Florida has filed this pro se petition for writ of habeas corpus pursuant to 28 U.S.C. §2254, attacking his convictions and sentences entered in Case No. 01-12950 in the Circuit Court of the Eleventh Judicial Circuit of Florida at Miami-Dade County.

This Cause has been referred to the undersigned for consideration and report pursuant to 28 U.S.C. §636(b)(1)(B) and Rules 8 and 10 of the Rules Governing Section 2254 Cases in the United States District Courts.

For its consideration of the petition with supporting memorandum of law and attached documentary exhibits, the Court has the petitioner's response to an order regarding the limitations period, the respondent's response to an order to show cause with multiple exhibits, and the petitioner's reply with attached exhibits.

## II. Claims

Stallworth claims that he received ineffective assistance of

trial counsel, because his lawyer failed to: (1) strike a juror who had admitted during *voir dire* proceedings that she could not be fair and impartial; and (2) call at trial Pierre Roach[1] as a defense witness.

### III. Procedural History

Stallworth was charged by Indictment with the following offenses: first degree murder of Todrick McDonald (Count I), attempted first degree murder of Jason Hunter (Count II), attempted first degree murder of John Brown (Count III), and use of a firearm during the commission of a felony (Count IV).[2] (DE# 13; App. A). The case proceeded to trial before a jury after which Stallworth was found guilty as charged in Counts I, III and IV of the Indictment. (DE# 13; App. B). The jury also found Stallworth guilty of a lesser offense charged in Count II, attempted second degree murder of Jason Hunter. Id. As to Counts I, II and III, the trial court adjudicated Stallworth guilty of the offenses and sentenced him to life imprisonment. (DE# 13; App. C). The finding of guilt as to Count IV was vacated. Id. Stallworth prosecuted a direct appeal from his convictions and sentences, raising claims not relevant to this federal proceeding. (DE# 13; App. F). The Florida Third District Court of Appeal affirmed the convictions and sentences in a *per curiam* decision without written opinion. See Stallworth v. State, 941 So. 2d 385 (Fla. 3 DCA 2006)(table).

Stallworth also pursued pro se postconviction proceedings in

---

[1] "Pierre Roach" has also been identified throughout the record as "Pierre Roche." For purposes of consistency in this Report, he will be referred to as "Roach."

[2] In brief, the charges arose from a shooting committed by Stallworth several minutes after a barroom brawl. For a thorough recitation of the facts of the case with citations to the trial transcript, see the briefs filed on direct appeal. See Initial Brief of Appellant at 2-8; Answer Brief of Appellee at 2-12. (DE# 13; App. F, G). See also Trial Transcript. (DE# 14).

2

the state trial and appellate courts.[3] Stallworth filed in the trial court a motion pursuant to Fla.R.Crim.P. 3.850, raising the identical two claims presented in this federal petition. (DE# 13; App. O). The state filed a response to the motion, arguing that the claim raised here as ground one was meritless, as refuted by the record. (DE# 13; App. P). Regarding ground two, the state conceded that an evidentiary hearing was needed before disposition of the claim. Id. After evidentiary proceedings were conducted by the trial court, the trial court denied the motion in a written order, finding both claims meritless. (DE# 13; App. Q). Stallworth took an appeal from the trial court's ruling, and the Florida appellate court affirmed the denial of postconviction relief in a *per curiam* affirmance without written opinion. See Stallworth v. State, 995 So. 2d 508 (Fla. 3 DCA 2008)(table).  Stallworth's motion for rehearing en banc was denied. (DE# 13; App. U). Not long after all state court proceedings had concluded, Stallworth came to this Court, filing the instant pro se petition for writ of habeas corpus pursuant to 28 U.S.C. §2254.

IV. Threshold Issues - Timeliness, Exhaustion and Procedural Bar

The respondent correctly does not challenge the timeliness of this petition. See 28 U.S.C. §2244(d). The respondent also correctly concedes that the two ineffective assistance of trial counsel claims raised in the instant petition have been properly exhausted in the state courts. See 28 U.S.C. §2254(b)(1) and

---

[3]All state postconviction proceedings have been thoroughly set forth and described accurately in the respondents's Response to Order to Show Cause at 2-6. (DE# 11). See also Appendix to Response to Order to Show Cause. (DE# 13). In the interest of brevity and clarity, only those portions of the procedural background that are relevant to the instant habeas case have been set forth in this Report. For example, Stallworth challenged the representation received from appellate counsel on direct appeal in a state habeas corpus proceeding. (DE# 13; App. L). The state appellate court denied the petition without explanation. See Stallworth v. State, 963 So. 2d 718 (Fla. 3 DCA 2007)(table).

(b)(1)(A).[4]

## V. Standard of Review

Petitioner filed his petition after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub.L. No. 104-132, 110 Stat. 1214 (1996). Post-AEDPA law, therefore, governs this action. Abdul-Kabir v. Quarterman, 550 U.S. 233, 127 S.Ct. 1654, 1664, 167 L.Ed.2d 585 (2007); Penry v. Johnson, 532 U.S. 782, 792, 121 S.Ct. 1910, 150 L.Ed.2d 9 (2001); Davis v. Jones, 506 F.3d 1325, 1331, n .9 (11 Cir. 2007). It is important to recognize just how limited is this Court's review in a habeas proceeding. The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub.L .No. 104-132, 110 Stat. 1214 (1996), provides that a federal court may not grant the writ unless the state court adjudication on the merits either:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254(d).

As the United States Supreme Court explained in Williams v.

---

[4] An applicant's federal writ of habeas corpus will not be granted unless the applicant exhausted his state court remedies. 28 U.S.C. §2254(b),(c). A claim must be presented to the highest court of the state to satisfy the exhaustion of state court remedies requirement. O'Sullivan v. Boerckel, 526 U.S. 838 (1999); Richardson v. Procunier, 762 F.2d 429, 430 (5 Cir. 1985); Carter v. Estelle, 677 F.2d 427, 443 (5 Cir. 1982), cert. denied, 460 U.S. 1056 (1983). A petitioner is required to present his claims to the state courts such that they are permitted the "opportunity to apply controlling legal principles to the facts bearing upon [his] constitutional claim." Picard v. Connor, 404 U.S. 270-275-77 (1971). Exhaustion is ordinarily accomplished on direct appeal. If not, in Florida, it may be accomplished by the filing of a Rule 3.850 motion, and an appeal from its denial. Leonard v. Wainwright, 601 F.2d 807, 808 (5 Cir. 1979).

Taylor, 529 U.S. 362, 412-13 (2000):

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

In deciding whether a state court ruling involved an "unreasonable application" of federal law, this Court does not focus merely upon whether the state court decision was erroneous or incorrect; rather, this Court may issue a writ of habeas corpus only if the state court's application of clearly-established federal law was objectively unreasonable. *See id*. at 409-11. See also Knowles v. Mirzayance, ___ U.S. ___, 129 S.Ct. 1411, 1418 (2009).

The statutory phrase "clearly established Federal law" "refers to the holdings, as opposed to the dicta, of [the U.S. Supreme] Court's decisions as of the time of the relevant state-court decision." Williams v. Taylor, 529 U.S. at 412, 120 S.Ct. at 1523 (majority opinion by O'Connor, J.). Findings of fact by the state court are presumed correct, and the petitioner bears the burden of rebutting that presumption of correctness by clear and convincing evidence. See 28 U.S.C. §2254(e)(1); Crowe v. Hall, 490 F.3d 840, 844 (11 Cir. 2007), *cert. denied*, ___ U.S. ___, 128 S.Ct. 2053 (2008).

## VI. Discussion

Petitioner claims that he received ineffective assistance of trial counsel for two specified reasons. To prevail on a claim of ineffective assistance, a petitioner must demonstrate both that his attorney's efforts fell below constitutional standards, and that he

5

suffered prejudice as a result. Strickland v. Washington, 466 U.S. 668 (1984). A habeas court's review of a claim under the *Strickland* standard is "doubly deferential." Knowles v. Mirzayance, ___ U.S. ___, 129 S.Ct. 1411, 1420, 173 L.Ed.2d 251 (2009), *citing*, Yarborough v. Gentry, 540 U.S. 1, 5-6, 124 S.Ct. 1, 157 L.Ed.2d 1 (2003)(per curiam). The relevant question "is not whether a federal court believes the state court's determination under the *Strickland* standard was incorrect but whether that determination was unreasonable-a substantially higher threshold." Knowles, 129 S.Ct. at 1420. (citations omitted). Finally, "because the *Strickland* standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard." Id.

Stallworth alleges in ground one that his lawyer rendered ineffective assistance when he failed to strike Martha Schrier as a juror since she had admitted during the *voir dire* proceedings that she could not be fair and impartial. As properly determined by the state courts, this claim is meritless in that it is belied by the record.

Review of the trial transcript reveals that Schrier, prospective juror number 35, was not selected as a juror.[5] See Trial Transcript at 216-25.[6] When deciding on the three alternates, the subject prospective juror was stricken by the state by way of

---

[5]Specifically, the following venirepersons were selected to serve as jurors: Juror No. 4, Denise Rosario; Juror No. 6, Todd Botner; Juror No. 7, James Boldenow; Juror No. 10, Amy Betancur; Juror No. 11, Jason Lopez; Juror No. 18, James Ferrare; Juror No. 21, Eugene Parry; Juror No. 22, Effie Adams; Juror No. 24, Sandra Rothman; Juror No. 25, Norma Sielk; Juror No. 27, Elsie Ruiz; and Juror No. 30, Kenneth Levy. See Trial Transcript at 216-25.

[6]The 1205-page trial transcript can be found at DE# 14.

a peremptory challenge.[7] Id. at 230. At the conclusion of the jury selection process, Schrier was not included as one of the fifteen jurors sworn to serve. Id. at 230-31. The trial transcript also indicates that after the verdict was announced, the jurors were polled. Id. at 1197-1200. Schrier's name was not included as one of those jurors. Id. at 1199-1200. The state court records, which include the Clerk of Court's record of jury selection, further substantiate that Schrier did not serve as a juror or alternate juror based upon the state's exercise of one of its peremptory strikes. See Dade County Circuit Court Docket Sheet at 3; Notes of Clerk, Dade County Circuit Court on December 7, 2004, of voir dire proceedings. (DE# 13; App. V, App. W).

During the state postconviction proceeding, the trial court noted that Stallworth's claim was apparently based upon statements made by the successor trial court judge at the start of the trial. See Trial Transcript at 247-48. The successor trial court judge had not presided over the jury selection process. Id. When she met the jury for the first time, she introduced herself and then decided to familiarize herself with the jurors by stating their names aloud. Id. The trial transcript indicates that the court, apparently reading from a list of names, called the name "Ms. Schraier" [sic] along with the name "Ms. Jones" and someone identified by the court reporter as "Ms. Schraier" [sic] responded in the affirmative. Id. at 248. After reviewing the record, the postconviction court denied relief on this claim, stating in pertinent part in its written order as follows:

> With respect to [Stallworth's] first claim, I find it to be conclusively refuted by the record. I find that the exchange cited by [Stallworth] on pages 247-48 of the trial transcript

---

[7]The three alternates selected were: Sheryl Bennie, Sherise Jones, and Kerly Cileli. See Trial Transcript at 225-227.

> to be undoubtedly a scrivener's error. In any case, [Stallworth] made no objection to the jury that was selected in this case. *See*, Attachment A, page 227.[8]

(Order Denying Defendant's Motion for Post-Conviction Relief at 2)(DE# 13; App. Q). The court further noted that if there was any ambiguity as to whether Schrier sat on the jury, the above-mentioned polling of the jury after the verdict was rendered, where her name was not one of the names called, resolved the issue against Stallworth. Id. The trial court's ruling was affirmed on appeal. See Stallworth v. State, 995 So. 2d 508 (Fla. 3 DCA 2008).

Thus, the record when viewed in its entirety clearly demonstrates that Ms. Schrier did not serve on the jury, and did not participate in the deliberations or render a verdict of guilty. While the trial transcript indicates that someone responded when the name "Schraier" was stated aloud by the court, it is apparent that this was a misidentification and the transcript contained a typographical error, as found by the state courts in the postconviction proceedings. The trial court's factual finding that the transcript contained a scrivener's error is presumed correct unless rebutted by clear and convincing evidence. 28 U.S.C. §2254(e)(1). Here, Stallworth fails to meet this burden. Trial

---

[8]The trial court is referring to page 227 of the trial transcript where the following colloquy between the court and Stallworth took place after all jurors had been selected but not yet sworn:

> THE COURT: ...That is your jury with alternates. Mr. Stallworth, time for me to talk to you. Are you satisfied that you have consulted with your attorney about the jury selection?
>
> THE DEFENDANT: Yes.
>
> THE COURT: Are you satisfied with the work that your attorney has done with respect to the jury selection so far?
>
> THE DEFENDANT: Yes.

(Trial Transcript at 227).

counsel's performance was, therefore, not deficient, because Schrier never sat as a juror. See Strickland, supra.

Moreover, Stallworth was present for jury selection and had consulted with trial counsel during the proceeding regarding the selection of the jurors. See Trial Transcript at 216, 227. As pointed out by the trial court during the postconviction proceeding, at the conclusion of jury selection, Stallworth expressly indicated on the record during questioning by the trial court that he was satisfied with the jurors selected and the representation received from counsel regarding the jurors chosen to serve on the jury. Id. at 227. Thus, Stallworth, at the very least, acquiesced in the jury selected by trial counsel. Finally, since there is ample competent evidence supporting Stallworth's convictions in this case, Stallworth suffered no prejudice as a result of counsel's performance regarding the jury selection process. See Baldwin v. Johnson, 152 F.3d 1304, 1315 (11 Cir. 1998)(holding that defense counsel's failure to challenge prosecutor's use of peremptory strikes did not constitute ineffective assistance of counsel since such decision was reasonable under law which existed at the time, and defendant failed to show prejudice in that there was overwhelming evidence of guilt), cert. denied, 526 U.S. 1047 (1999). Stallworth is not entitled to habeas corpus relief on this claim.

Stallworth alleges in ground two that his lawyer rendered ineffective assistance when he failed to call as a defense witness at trial Pierre Roach. Stallworth states that the prospective witness would have testified that Stallworth was not the person with co-defendant Willie Hill on the night of the incident. As he did in the state postconviction proceeding, in support of his claim, Stallworth refers this Court to a letter written to him by

9

trial counsel dated May 24, 2004, in which trial counsel Bloom informed Stallworth of depositions that had been taken in the case and the possibility of calling Roach as a defense witness. <u>See</u> Letter from Michael H. Bloom to Stallworth dated May 24, 2004. (Exhibit B to Petition)(DE# 1). Specifically, trial counsel stated as follows in his letter to Stallworth:

> Please be advised that Thursday, May 20, 2004, I took the deposition of Willie Hill. A transcript of that deposition has been ordered and will be provided to you upon receipt.
>
> In essence, Mr. Hill states that he observed a fight between two individuals in the Frontier Lounge. You were one of the individuals. Subsequently, he testified that you, at gun point forced him to drive you in his vehicle in pursuit of another vehicle. He thereafter testified that you exited the vehicle with a shot gun and returned a short time later. During the interval time period, he heard several rapid fire shot gun blasts.
>
> Mr. Hill also states that at the time you forced him to drive you in pursuit of the unknown vehicle, an individual by the name of Pierre Roach was present. Mr. Roach was deposed on March 11, 2004, with regard to what he saw relative to that scenario. Enclosed please find a copy of Mr. Roach's deposition.
>
> The key part of Mr. Roach's deposition is that he admitted to seeing a scenario similar to what Mr. Hill described in his deposition. However, he does not identify you as one of the individuals that Mr. Hill was talking to at the time, See attachments to Mr. Roche's [sic] deposition [i.e., photographs presented by the state of two individuals]. Mr. Roach therefore may become an essential defense witness for you if in fact he testifies on your behalf and, if in fact he states in front of the jury that you are not one of the individuals that was involved with Mr. Hill outside the Frontier Lounge shortly before the shooting.
>
> Moreover, Mr. Hill clearly states that from the time he observed you outside the Frontier Lounge up to an including the shooting, you are not wearing any shirt or clothing above the waste [sic] and your tattoos were clearly visible.

(Letter from Michael H. Bloom to Stallworth dated May 24, 2004, at 1).

10

The identical issue was raised in the state postconviction proceedings. The trial court conducted an evidentiary hearing on the issue where former trial counsel Michael Bloom testified on behalf of the state and where Stallworth proceeding <u>pro</u> <u>se</u> cross-examined former trial counsel. <u>See</u> Transcript of hearing conducted on November 20, 2007. (DE# 13; App. X). During his thorough cross-examination, Stallworth had counsel read into the record the above-quoted letter as well as excerpts from the transcript of prospective witness Roach's deposition. <u>Id</u>. at 13-26. The full transcript of the deposition was admitted into evidence at the hearing. <u>Id</u>. at 26. At the conclusion of the hearing, the trial court found the claim meritless and then entered a well-reasoned written order. <u>Id</u>. at 26. <u>See also</u> Order Denying Defendant's Motion for Post-Conviction Relief)(DE# 13; App. Q).

In its written order, the trial court first made the following findings of fact:

> [Stallworth's] second claim of ineffective assistance of counsel relates to his attorney's alleged failure to call listed defense witness Pierre Roach to the stand and have him testify. Although [Stallworth] is not specifically colloquied as to this matter, his trial counsel does state during the trial that he did not intend to call Mr. Roach to the witness stand, and would probably not call him unless [Stallworth] insisted that he do so. *See*, Attachment A, page 870, lines 13-17.[9]
>
> At the evidentiary hearing conducted by the Court on November

---

[9]Shortly before the state was to call its last witness, trial counsel and the court discussed scheduling issues for the defense's sole witness, forensic evidence examiner Dennis McGuire. <u>See</u> Trial Transcript at 870-76. During the discussion, trial counsel Bloom stated in relevant part as follows:

> ...The State has the medical examiner and then I think the State is going to rest. I do not intend to call Pierre Roche [sic] although he is in the building from what I understand. Mr. Fuentes my investigator and I met with him last night. I'm going to share that with Mr. Stallworth but probably not going to call him unless Mr. Stallworth insists.

<u>Id</u>. at 870.

11

> 20, 2007, [Stallworth's] trial counsel, Michael Bloom, Esq., testified as to this issue. Mr. Bloom testified that Mr. Roach's deposition had been taken by Assistant State Attorney Jordan Lewin prior to trial. Mr. Bloom further testified that during this deposition (attached to this order as Attachment C)[10], Mr. Roach testified that he saw a man he knew as "Pete" order a man he knew as Will Hill (Mr. Stallworth's co-defendant) into a car at gunpoint. "Pete" was a name known to be used by [Stallworth]. Furthermore, Mr. Roach's physical description of "Pete" was consistent with [Stallworth's] physical description. During the deposition, the prosecutor showed Mr. Roach a photograph of a man other than [Stallworth] and asked if this other man was [Stallworth]. Mr. Roach equivocated and was not able to give a definitive response.
>
> Mr. Bloom further testified that he did not recall Mr. Stallworth ever requesting that Mr. Roach be called as a defense witness, and that in any case, he made a strategic decision not to call Mr. Roach, because Mr. Roach put a gun in "Pete's" hand, and he had no idea whether or not Mr. Roach would identify his client as being "Pete" during the trial. In addition, Mr. Bloom testified that his defense in the instant case was mistaken identity,[11] and any witness who potentially put a gun in the defendant's hand would have been terribly damaging to his defense.

Id. at 2.

After making these factual findings, the trial court went on to find the claim meritless for the following reasons:

> With respect to [Stallworth's] second claim, I specifically credit Mr. Bloom's testimony that he made a strategic decision

---

[10]The deposition taken of Roach has not been included as part of the record before this Court by either the petitioner or respondent. However, as indicated herein, pertinent portions of the deposition was referred to during the state's direct examination of witness Bloom and excerpts were read into the record during Stallworth's cross-examination of witness Bloom during the postconviction evidentiary hearing. See Transcript of hearing conducted on November 20, 2007)(DE# 13; App. X).

[11]Trial counsel summarized the defense presented at trial as follows:

> ...Mr. Stallworth's defense was identity, that he was not at all connected with the shooting that took place. [Co-defendant] Mr. Hill's defense was that he drove Mr. Stallworth to the scene of the murder but was forced at gunpoint to do so, duress, coercion, necessity, something along those lines.

(Transcript of hearing conducted on November 20, 2007, at 8)(DE# 13; App. X).

> not to call Mr. Roach as a witness. I find it inconceivable that any experienced trial attorney would call a witness who might potentially identify his client as the gunman in a first degree murder case. I also find no evidence that [Stallworth] ever even requested that Mr. Roach be called as a witness.[12] It is well settled that strategic decisions made by an attorney do not constitute ineffective assistance of counsel provided that they are reasonable. (citations omitted). I find Mr. Bloom's decision not to call Mr. Roach as a defense witness was precisely such a reasonable strategic decision.

Id. at 3. Again, the trial court's ruling was affirmed by the state appellate court. See Stallworth v. State, 995 So. 2d 508.

Thus, after hearing former trial counsel's testimony provided at the evidentiary hearing, the trial court expressly found that the trial lawyer's testimony was credible. Determinations of credibility are best made by the trial court judge, who can assess the demeanor and candor of the witnesses. Gore v. Secretary for Dept. of Corrections, 492 F.3d 1273, 1300 (11 Cir. 2007)(noting that while reviewing court also gives a certain amount of deference to credibility determinations, that deference is heightened on habeas review), citing, Rice v. Collins, 546 U.S. 333, 341-42 (2006)(stating that "[r]easonable minds reviewing the record might disagree about the [witness'] credibility, but on habeas review that does not suffice to supersede the trial court's credibility determination"). See also Baldwin v. Johnson 152 F.3d 1304, 1317 (11 Cir. 1998), citing, Marshall v. Lonberger, 459 U.S. 422, 434 (1983)("Title 28 U.S.C. §2254(d) gives federal habeas [corpus] courts no license to redetermine credibility of witnesses whose demeanor has been observed by the state trial court, but not by them."); Smith v. Kemp, 715 F.2d 1459, 1465 (11th Cir.)("Resolution of conflicts in evidence and credibility issues rests within the

---

[12]Former trial counsel Bloom testified that he did not recall Stallworth requesting him to call Roach as a witness at trial. (Transcript of hearing conducted on November 20, 2007, at 11). Stallworth maintained at the evidentiary hearing that he and his family had made such a request. Id. at 16.

13

province of the state habeas court, provided petitioner has been afforded the opportunity to a full and fair hearing."), cert. denied, 464 U.S. 1003 (1983).

Thorough review of the record in this case yields no suggestion that the trial court's findings of fact made during the state postconviction proceeding where the subject second claim was raised was not supported by the record or were otherwise deficient. Because Stallworth has not rebutted the trial court's findings of fact by clear and convincing evidence, the findings are presumed correct. See 28 U.S.C. §2254(e)(1). Based upon the court's findings and credibility determinations, the trial court properly ruled that Stallworth was not entitled to postconviction relief in that counsel's performance had not been constitutionally ineffective.

It is well-settled that which witnesses to call, if any, is a strategy decision that should seldom be second guessed. See Conklin v. Schofield, 366 F. 3d 1193, 1204 (11 Cir. 2004), *cert. denied*, 544 U. S. 952 (2005). See also Dorsey v. Chapman, 262 F.3d 1181, 1186 (11 Cir. 2001)(holding that petitioner did not establish ineffective assistance based on defense counsel's failure to call expert witness for the defense in that counsel's decision to not call the expert witness was not so patently unreasonable a strategic decision that no competent attorney would have chosen the strategy); United States v. Guerra, 628 F.2d 410, 413 (5 Cir. 1980)("Complaints concerning uncalled witnesses impose a heavy showing since the presentation of testimonial evidence is a matter of trial strategy and often allegations of what a witness would have testified to are largely speculative"). Accordingly, complaints of uncalled witnesses are not favored. Buckelew v. United States, 575 F.2d 515, 521 (5 Cir. 1978). See also White v. Singletary, 972 F.2d 1218, 1220 (11 Cir. 1992)("Courts should at

14

the start presume effectiveness and should always avoid second-guessing with the benefit of hindsight.")

    Here, the record reveals that codefendant Hill, before entering his plea of guilty,[13] had listed Pierre Roach as a defense witness and the state had deposed Roach. See Trial Transcript at 244-45. See also Transcript of hearing conducted on November 20, 2007, at 7-9)(DE# 13; App. X). Trial counsel decided before the start of trial, and before hearing Hill's trial testimony, to include him as one of the two witnesses to testify on behalf of Stallworth. See Trial Transcript at 244-45. After hearing Hill's direct trial testimony and before cross-examination had concluded, trial counsel and his investigator spoke to Roach. Id. at 870. The following morning, trial counsel elected as a strategic decision not to call Roach as a defense witness. Id. See also Transcript of hearing conducted on November 20, 2007, at 8-13. During the postconviction hearing, former trial counsel testified in detail how he came to the conclusion that Roach would not have been a beneficial defense witness and why he believed that Roach's testimony could have, instead, aided the state's case by corroborating the testimony of codefendant Hill and other evidence presented by the state. Id. at 10-3. Trial counsel Bloom also stated that Roach's credibility was subject to attack by the state, because Roach was at least a five-time convicted felon and he had spent at least twelve of the prior fourteen years in prison. Id. at 10.

    Based upon the above-reviewed record, Stallworth has failed to

---

[13] Hill had also been charged by Indictment with first degree murder, and two counts of attempted first degree murder. Pursuant to a negotiated plea agreement entered into with the state, he entered a plea of guilty to the offense of accessory after the fact to first degree murder in exchange for a term of imprisonment of five years. The plea agreement required him to testify truthfully at Stallworth's trial. See Trial Transcript at 713-14, 834-37, 839-43.

demonstrate that trial counsel's performance was deficient with regard to prospective witness Roach. Further, the excerpts of the deposition testimony of Roach show that Roach was not consistent with regard to the issue of identification, the core of the defense. He also testified that "Pete" had been wearing a shirt at the time of the incident. Stallworth was known as "Pete," and the other evidence admitted at trial indicated that Stallworth was not clothed from the waist up. In support of the misidentification defense, trial counsel had the jury view Stallworth's upper body in order for him to display his tattoos which no eyewitness had mentioned. Again, Roach's possible trial testimony would have been damaging to the defense.

Even if counsel's performance was in any way deficient, Stallworth cannot satisfy the second prong of *Strickland*, prejudice. In other words, Stallworth cannot show with a reasonable likelihood that the outcome of the trial would have been different if Roach had testified. There was overwhelming evidence of guilt admitted at trial, which included codefendant Hill's testimony as well as testimony from two eyewitnesses that Stallworth was the shooter. See e.g., Trial Transcript at 483-93, 566-86, 691-713. It is additionally pointed out that during his cross-examination of Hill, trial counsel referred to Roach in an attempt to impeach Hill's testimony and discredit his motivation for testifying on behalf of the state. Id. at 844-46. Trial counsel elicited testimony from Hill that Hill had listed Roach as a defense witness for his trial and that Roach allegedly supported Hill's defense of kidnapping or coercion. Id. Such impeachment possibly would not have been available if Roach had been called as a defense witness.

Since Petitioner cannot demonstrate that any potential testimony from Mr. Roach would probably have affected the outcome

of the trial, he is not entitled to habeas corpus relief. See Strickland, 466 U.S. at 693-94 (holding that to establish prejudice it is not enough for the petitioner to show that the error had some conceivable effect on the outcome of the proceeding). See also Knowles v. Mirzayance, 129 S.Ct. at 1422 (stating that to establish prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.")(internal quotation marks and citation omitted); Wellington v. Moore, 314 F.3d 1256, 1260-61 (11 Cir. 2002)(holding that where there is no reasonable probability that the alibi testimony would have changed the outcome of the trial, given the strength of the evidence admitted at trial, the trial court's application of *Strickland's* prejudice prong in postconviction proceeding was not objectively unreasonable); Fortenberry v. Haley, 297 F.3d 1213, 1228 (11 Cir. 2002)(stating that "It is worth reiterating that the absence of exculpatory witness testimony from a defense is more likely prejudicial when a conviction is based on little record evidence of guilt.")

In conclusion, the record reflects that the petitioner received vigorous and able representation more than adequate under the Sixth Amendment standard. See Strickland v. Washington, 466 U.S. 668 (1984). Defense counsel made a reasonable investigation of the facts, was well-prepared for trial, conducted full and extensive cross-examination of the state's witnesses, made appropriate objections, called an expert defense witness, moved for judgment of acquittal, and presented a compelling closing argument. Trial counsel forcefully attempted to persuade the jury that Stallworth had been misidentified as the shooter. In support of the defense presented, he argued that Hill was not credible based upon

the fact that he was receiving a highly favorable sentence in exchange for his testimony and that he entered a guilty plea while appearing to claim that he was innocent, that the state witnesses gave inconsistent statements, and the testimony of certain state witnesses was inconsistent with the physical evidence. To show that Stallworth did not fit the description of the shooter, he had Stallworth display his bare upper body to the jury to demonstrate that he was covered in tattoos. Counsel then argued that none of the eyewitnesses mentioned the tattoos, although the shooter had not been wearing a shirt at the time of the shooting.

It is clear that defense counsel presented the best possible defense under the circumstances of this case, and the fact that the defense presented at trial was not successful does not mean that counsel's performance was constitutionally ineffective. As was the prerogative of the jury, it rejected the misidentification defense presented, and instead believed the strong evidence admitted by the state and the testimony of the state witnesses indicating that Stallworth had been the shooter. Stallworth did not receive constitutionally ineffective assistance of trial counsel, as alleged in ground two.

Accordingly, the trial court's determination that Stallworth was not entitled to postconviction relief on his two claims of ineffective assistance of trial counsel, which decision was affirmed on appeal, see Stallworth v. State, 995 So. 2d 508 (Fla. 3 DCA 2008), was not in conflict with clearly established federal law or based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. Relief must therefore be denied pursuant to 28 U.S.C. §2254(d). Williams v. Taylor, 529 U.S. 362 (2000). See also  Knowles v. Mirzayance, ___ U.S. ___, 129 S.Ct. 1411, 1420 (2009); Mitchell v. Esparza, 540

U.S. 12, 16 (2003)("[A] state court's decision is not 'contrary to ... clearly established Federal law' simply because the court did not cite [Supreme Court] opinions.... [A] state court need not even be aware of [Supreme Court] precedents, 'so long as neither the reasoning nor the result of the state-court decision contradicts them.'")(*quoting* Early v. Packer, 537 U.S. 3, 7-8 (2002).

### VII. Conclusion

Based upon the foregoing, it is recommended that this petition for habeas corpus relief be denied.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

Signed this 11th day of February, 2010.

_____
UNITED STATES MAGISTRATE JUDGE

cc: Charles E. Stallworth, Pro Se
    M49801
    Okeechobee Correctional Institution
    3420 N.E. 168th Street
    Okeechobee, FL 34972-4824

    Ansley B. Peacock, AAG
    Department of Legal Affairs
    444 Brickell Avenue
    Suite 650
    Miami, FL 33131