UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 09-20381-CIV-SEITZ/WHITE

CHARLES E. STALLWORTH,

        Petitioner,

v.

WALTER A. MCNEIL,

        Respondent.
_____/

**ORDER AFFIRMING AND ADOPTING REPORT AND RECOMMENDATIONS OF MAGISTRATE JUDGE, DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING CERTIFICATE OF APPEALABILITY**

THIS MATTER is before the Court on the Report and Recommendation [DE-16] of United States Magistrate Judge Patrick A. White, recommending that Charles Stallworth's ("Stallworth's") Petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 be dismissed. Judge White recommends dismissing the Petition, having found that Stallworth's two claims of ineffective assistance of counsel fail. Stallworth has filed a very brief objection to the R&R that does not identify a specific erroneous factual finding or legal conclusion and, therefore, does not comply with Local Magistrate Judge Rule 4(b)'s requirement that an objection to an R&R "specifically identify the portions of the proposed findings, recommendations or report to which an objection is made, the specific basis for such objections, and supporting legal authority." Accordingly, the Court will address the R&R as if no objection was filed. For the reasons explained below, the Court will affirm and adopt Judge White's R&R, dismiss the Petition, and deny certification of appealability.

    I.      MERITS

Stallworth has raised two claims of ineffective assistance of counsel, and Judge White

1

recommends denying both claims. First, Stallworth claims that his trial counsel was ineffective for failing to strike Martha Schrier ("Schrier") as a juror since she admitted during voir dire that she could not be fair and impartial. However, Judge White agreed with the state post-conviction court that the trial transcript definitively establishes that Schrier was not selected as a juror, and that the successor trial court judge's reference to a "Ms. Schraier" was the result of a scrivener's error. If Schrier was not selected as a juror, obviously Stallworth's claim of ineffective assistance lacks merit.

Second, Stallworth argues that his trial counsel rendered ineffective assistance by failing to call Pierre Roach ("Roach") as a defense witness. Roach witnessed the commission of some of the crimes in question, and Stallworth claims that Roach would have testified that Stallworth was not present at the scene. Judge White also rejects this claim, finding that Stallworth's counsel did not perform deficiently for making a strategic decision to not present Roach when the record reflects that Roach's testimony would actually have undermined the defense of misidentification, and that Stallworth could not show prejudice in light of the overwhelming evidence of guilt at trial.

Having reviewed *de novo* Stallworth's Petition, Judge White's R&R, the record and pertinent legal authorities, the Court finds that Judge White's factual determinations are not clearly erroneous and he correctly applied the law to those facts. Therefore, the Court will affirm and adopt Judge White's R&R, and dismiss the Petition.

II. **CERTIFICATE OF APPEALABILITY**

Moreover, the Court will deny issuance of a certificate of appealability for this Petition. Pursuant to Rule 11 of the Rules Governing Section 2254 Cases, the Court, having established grounds for entering a "final order adverse to the applicant" on this Petition, "must issue or deny a

certificate of appealability." In order to obtain a certificate of appealability, Petitioner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Jones v. Secretary*, 607 F.3d 1346, 1349 (11th Cir. 2010) (quotation omitted). When the Antiterrorism and Effective Death Penalty Act applies, the court should consider whether its "resolution was debatable amongst jurists of reason." *Lott v. Attorney Gen.*, 594 F.3d 1296, 1301 (11th Cir. 2010) (internal quotation marks omitted). Here, Stallworth has not made a substantial showing of the denial of a constitutional right with respect to either of his claims for ineffective assistance of counsel. As a result, it is hereby

ORDERED THAT

(1) The Magistrate Judge's Report and Recommendation [DE-16] is AFFIRMED AND ADOPTED.

(2) The Petition For Habeas Corpus under 28 U.S.C. § 2254 [DE-1] is DENIED.

(3) This case is CLOSED and all pending motions are DENIED as they are moot.

(4) Pursuant to Rule 11 of the Rules Governing Section 2254 Cases, certification of appealability is DENIED.

DONE and ORDERED in Miami, Florida this 28th day of October, 2010.

Patricia A. Seitz
PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc: Counsel of Record/*Pro Se* Parties